No. 59,087

STAN MARTIN, as administrator de bonis non for the Estate of Rory Lane Hanschu, *Appellant,* v. LISA RENEE HANSCHU, as former administratrix of the Estate of Rory Lane Hanschu, and TRINITY UNIVERSAL INSURANCE COMPANY, *Appellees.*

(738 P.2d 96)

Opinion filed June 12, 1987.

*Doug Thompson,* of Thompson, Chartered, of Junction City, argued the cause and was on the brief for appellant.

*Paula J. Wright,* of King, Adrian, King & Brown, Chartered, of Salina, argued the cause and *Robert M. Adrian,* of the same firm, was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: Stan Martin, as administrator for the Estate of Rory Lane Hanschu, appeals from the district court's determination that the former administratrix, Lisa Hanschu, is liable for the value of property converted after the death of the decedent.

Rory Lane Hanschu died intestate on December 4, 1980, leaving as his sole heir his wife, Lisa Renee Hanschu. At the time of his death, Hanschu owed $40,662.85 to the Ramona State Bank (bank). Lisa Hanschu was not a signatory to this indebtedness.

Between December 1980 and April 1981, Lisa Hanschu sold marital assets totalling $34,884.61 without authority. She paid approximately $20,000.00 of the proceeds to the bank to reduce the balance of Rory Hanschu's debt to $20,770.43.

On August 17, 1981, the bank filed a petition for the appointment of an administrator in the estate of Rory Lane Hanschu, and

made demand upon the estate for the remaining indebtedness owed to the bank.

Lisa Hanschu was appointed as administratrix of her husband's estate on September 23, 1981. On September 25, 1981, letters of administration were granted to her after she posted a surety bond for $30,000 provided by Trinity Universal Insurance Company (Trinity).

In her original inventory and valuation filed January 27, 1982, the administratrix showed the total value of the estate as $43,980.82. On November 22, 1982, Lisa Hanschu filed an amended inventory showing the value of the estate as $25.00. The balance of the property shown as estate assets on the original inventory was listed as joint tenancy property on the amended inventory.

The bank later filed a petition for removal of the administratrix. After a hearing, the court determined the evidence failed to establish that the property included in Lisa Hanschu's amended inventory was owned in joint tenancy. The court further found the administratrix sold all of the assets of the estate (except one pickup truck) without court approval in violation of K.S.A. 59-2242 *et seq.* Accordingly, the district court held Lisa Hanschu's actions constituted a significant breach of her fiduciary duty and granted the bank's petition to have her removed as administratrix of her husband's estate.

Stan Martin was later appointed administrator of the estate. Martin then petitioned on behalf of the estate for an order compelling Lisa Hanschu and/or her bonding company (Trinity) to pay the proceeds from the sale of the personal property owned by the estate to the estate.

The district court held that Lisa Hanschu, as administratrix of the estate, converted estate property valued at $34,884.61 to her own use. The court thus determined, pursuant to K.S.A. 59-1704, that Lisa Hanschu was liable to the estate in the amount of $69,769.22. (K.S.A. 59-1704 provides that once a conversion by a fiduciary is found, the fiduciary shall be liable for double the amount converted.) The court further found that Trinity was liable on its bond for only $950.00, the value of estate property converted after the appointment of Lisa Hanschu as administratrix.

Martin, as administrator of the estate of Rory Lane Hanschu, appeals.

The sole issue on appeal is whether a surety on an administrator's bond may be held liable for assets converted before the issuance of a bond and/or prior to the appointment of an administrator.

While we find no Kansas cases directly on point, this court has, on numerous occasions, considered the nature and extent of a surety's liability on a bond. In *McMullen v. Loan Association,* 64 Kan. 298, 67 Pac. 892 (1902), the court held the time intended to be covered by a bond must be determined by its terms and when it appears that a bond is intended to be retrospective in its operation as well as prospective, such effect must be given to it. Further, in *Koch v. Merchants Mutual Bonding Co.,* 211 Kan. 397, 400, 507 P.2d 189 (1973), the court determined that under principles of general contract law the obligation of a bond is to be measured by the bond itself and may not be extended by implication or enlarged by construction beyond the terms of the executed contract. Finally, we have held a surety bond is to be considered in light of the circumstances in which it is given, so as to effectuate its purpose. *Local No. 1179 v. Merchants Mutual Bonding Co.,* 228 Kan. 226, 229, 613 P.2d 944 (1980).

An examination of these cases leads us to conclude that, unless the contract otherwise provides, a surety's liability on a probate fiduciary bond is limited to acts of the fiduciary occurring after the bond is issued.

This conclusion is consistent with the general rule regarding the liabilities of sureties on a probate fiduciary bond:

"Sureties on an administration bond have a right to stand strictly upon the contract, and neither the courts nor the parties can vary the contract. In the absence of a statute or a stipulation in the bond to the contrary, the liability of a surety on an executor's or administrator's bond is coextensive with that of the principal for losses occasioned by official acts and defaults of the principal." 31 Am. Jur. 2d, Executors and Administrators § 141, p. 86.

Thus, to determine Trinity's liability for the acts of Lisa Hanschu occurring prior to the filing of the surety bond, we must examine the specific terms of the surety agreement.

The relevant portion of the surety bond provides:

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas, the said Lisa Renee Hanschu has been, by the Probate Court of

Dickinson County, Kansas, duly appointed Administratrix of the Estate of Rory Lane Hanschu.

"NOW, THEREFORE, if the said Lisa Renee Hanschu shall faithfully discharge all of the duties of her trust according to law, then the above bond to be void, otherwise to remain in full force and effect."

The appellant contends Trinity is liable under this agreement for misappropriation of funds by Lisa Hanschu occurring prior to the filing of the bond. Trinity, on the other hand, contends the use of the term "shall faithfully discharge" indicates the parties intended Trinity's liability be limited to future actions of the administratrix.

The wording of the bond limits Trinity's liability. Under the agreement, if Lisa Hanschu faithfully discharges the duties of her trust according to law, then Trinity has no liability; otherwise, Trinity is liable. Lisa Hanschu had no duties of trust until she qualified as administratrix. Accordingly, we hold Trinity is not liable for the conversion or misappropriation of funds by Lisa Hanschu occurring prior to her appointment as administratrix and prior to the filing of a bond.

The judgment of the trial court is affirmed.