(310 P.3d 1072)
No. 108,841

DUN-PAR ENGINEERED FORM COMPANY, *Appellee*, v. VANUM CONSTRUCTION CO., INC., *Defendant*, and THE HANOVER INSURANCE CO., *Appellant*, and FORTIS CONSTRUCTION CO., LLC, *Defendant*.

Opinion filed August 23, 2013.

*Keith Witten*, of Gilliland & Hayes LLC, of Overland Park, for appellant.

*Matthew R. Hale*, of Polsinelli Shughart PC, of Kansas City, Missouri, for appellee.

Before HILL, P.J., POWELL, J., and HEBERT, S.J.

POWELL, J.: The Hanover Insurance Co. (Hanover) appeals the denial of its own motion for summary judgment and the granting

of Dun-Par Engineered Form Company's (Dun-Par) cross-motion for summary judgment. The district court granted Dun-Par's claim to recover the unpaid balance due Dun-Par, a sub-sub-subcontractor, from the Subcontract Payment Bond bought from Hanover by the subcontractor, Vanum Construction Co., Inc. (Vanum). Hanover challenges the district court's interpretation of the definition of "Claimant" as set out in the bond.

Because we find that Dun-Par does not meet the definition of "Claimant" as set out in the Subcontract Payment Bond, we reverse the district court and remand with instructions to enter judgment for Hanover.

## FACTUAL AND PROCEDURAL HISTORY

The parties agree on the following uncontroverted facts.

Fortis Construction Co., LLC (Fortis) hired Dun-Par as a subcontractor for a construction project in Fort Riley, Kansas. Dun-Par was the sub-sub-subcontractor on the project. The general contractor for the project was BE&K Federal Services, LLC (BE&K). BE&K hired Vanum to be a subcontractor. BE&K and Vanum entered into a Subcontract Payment Bond through Hanover naming Vanum as the principal and BE&K as the obligee. Under this bond, Vanum and Hanover agreed to "jointly and severally, bind themselves . . . to [BE&K] to pay for labor, materials and equipment furnished for use in the performance of the Subcontract . . . ." Vanum then hired Fortis to be its sub-subcontractor, which in turn hired Dun-Par, making Dun-Par a subcontractor to Fortis and a sub-sub-subcontractor to BE&K. Dun-Par admitted that it did not have a direct contract with Vanum.

Dun-Par performed and, on December 9, 2011, filed suit against Fortis, Vanum, and Hanover for the unpaid balance due Dun-Par under its contract with Fortis. Dun-Par obtained default judgments against both Fortis and Vanum. Dun-Par and Hanover both filed cross-motions for summary judgment on the issue of whether Hanover's Subcontract Payment Bond covered Dun-Par's claim for payment.

The Subcontract Payment Bond required that Vanum "promptly make payment directly or indirectly to all Claimants as defined in

this bond, for all labor, material and equipment used in performance of the Subcontract." The terms of the bond defined "Claimant" as:

"an individual or entity having a direct contract with the Principal to furnish labor, materials or equipment for use in the performance of the Subcontract or any individual *or entity having valid lien rights which may be asserted in the jurisdiction where the Project is located.*" (Emphasis added.)

The district court granted Dun-Par summary judgment while denying Hanover's motion.

The district court found that Dun-Par was entitled to payment under the bond as a contract beneficiary and as a "claimant" with valid "lien rights." It initially concluded that, on its face, the bond language appeared to preclude Dun-Par from payment for two reasons: first, Dun-Par did not fall into the first category of claimants because Dun-Par did not have a direct contract with Vanum; and second, Dun-Par did not fall into the second category of claimants because federal law prohibited Dun-Par from obtaining a lien on federal property.

However, Vanum supplied a generic form for the bond with Hanover which, unlike Hanover's usual bond agreement form, did not provide coverage for subcontracts two levels down from Vanum. The district court interpreted the word "jurisdiction" as used in the bond's definition of a claimant as referring to the jurisdiction of Kansas, not the jurisdiction of the federal government. With that interpretation, the district court reasoned that Dun-Par would have had the *right* to assert a mechanic's lien on the project under Kansas law, but federal law prohibited the *remedy*. Despite the lack of remedy, Dun-Par still retained the right of a mechanic's lien under Kansas law. The district court explained that the lien laws of Kansas were designed to protect contractors who are denied justly earned compensation, which promotes fairness in the construction industry. Though Dun-Par could not issue a mechanic's lien on the Fort Riley project, Dun-Par still had the right to a mechanic's lien under state law; therefore, Dun-Par qualified as a claimant under the terms of the bond.

The second theory relied upon by the district court provided Dun-Par with the right to collect from Hanover because Dun-Par

was a third-party beneficiary of the contract. The district court interpreted *Wichita Sheet Metal Supply, Inc. v. Dahlstrom & Ferrell Constr. Co.*, 246 Kan. 557, 561, 792 P.2d 1043 (1990), as holding that "[c]laims under Kansas little Miller Act statutes must look down two levels." Following this conclusion, the district court reasoned that if this bond had been a public works bond under K.S.A. 60-1111, then Dun-Par would be within two levels of Vanum and Hanover's bond would cover payment to Dun-Par. The legislature's enactment of K.S.A. 60-1111 demonstrated the State's public policy in favor of protecting subcontractors from nonpayment through the use of bonds.

The district court found that Hanover's risk was so limited under the terms of the bond that it appeared as an "inadvertent windfall to Hanover from the fortuitous caprices of using someone else's supplied form." The district court also discussed the background of the bond by concluding that there was no evidence of a meeting of the minds on the terms of the bond. "The facts of this case are an anomaly that lead, under defendant's position to a result inconsistent with the usual bond coverage of Kansas workers and contractors." The court concluded that the "weight of the law in this court's opinion is that the contractor two levels down from Vanum and five levels down on the whole project is and should be covered by Hanover's bond."

Hanover timely appeals.

### Did the District Court Err in Finding that Dun-Par Had the Right to Payment by Hanover Under the Subcontract Payment Bond?

Hanover relies upon the plain language of the bond to argue that Dun-Par clearly does not fit into either of the two categories of claimants given in the bond because Dun-Par had neither a direct contract with Vanum nor the right to impose a lien upon the property owned by the federal government. Hanover argues that the Subcontract Payment Bond is a contract and is therefore subject to the rules governing contract interpretation. See *Tradesmen Int'l, Inc. v. Wal-Mart Real Estate Business Trust*, 35 Kan. App. 2d 146, 163, 129 P.3d 102 (giving the ordinary meaning to clear and un-

ambiguous language in a payment bond), *rev. denied* 281 Kan. 1382 (2006).

Dun-Par cites to two cases, *Local No. 1179 v. Merchants Mutual Bonding Co.*, 228 Kan. 226, 229, 613 P.2d 944 (1980), and *Haynes Hardware Co. v. Western Casualty & Surety Co.*, 156 Kan. 356, 360, 133 P.2d 574 (1943), to show that courts should construe surety bonds to give effect to the bond's purpose. Dun-Par argues that in giving effect to the purpose of Hanover's Subcontract Payment Bond, the district court correctly decided that the bond covered Dun-Par's claims.

*Standard of Review and Analysis*

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Law v. Law Company Building Assocs.*, 295 Kan. 551, 561, 289 P.3d 1066 (2012). " ' " ' "When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case." ' " ' " *Osterhaus v. Toth*, 291 Kan. 759, 768, 249 P.3d 888 (2011) (quoting *Warner v. Stover*, 283 Kan. 453, 455, 153 P.3d 1245 [2007]). On appeal, the same rules apply. Summary judgment must be denied if " ' " ' "reasonable minds could differ as to the conclusions drawn from the evidence." ' " ' " *Osterhaus*, 291 Kan. at 768 (quoting *Warner*, 283 Kan. at 455-56).

"The legal effect of a written instrument is a question of law. It may be construed and its legal effect determined by the appellate court regardless of the construction made by the district court." *Osterhaus*, 291 Kan. at 768. "[W]here there are no disputed facts and an appellate court is required to interpret and give legal effect to a written contract, appellate review of a summary judgment order is de novo." *Wittig v. Westar Energy, Inc.*, 44 Kan. App. 2d 216, 221, 235 P.3d 535 (2010). There are no disputed material facts here; therefore, summary judgment is appropriate.

It is a correct statement of the law that "[a] surety bond is to be construed in the light of the circumstances in which it is given, so as to effectuate its purpose." *Local No. 1179*, 228 Kan. at 229. But it is also well established in Kansas law that "the obligation of a bond is to be measured by the bond itself and may not be extended by implication or enlarged by construction beyond the terms of the executed contract." *Koch v. Merchants Mutual Bonding Co.*, 211 Kan. 397, 400, 507 P.2d 189 (1973); see also *In re Conservatorship of Huerta*, 273 Kan. 97, 104, 41 P.3d 814 (2002) (same); *Martin v. Hanschu*, 241 Kan. 521, 523, 738 P.2d 96 (1987) (same). Moreover, "[t]he primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction." *Osterhaus*, 291 Kan. at 768.

The terms of the bond defined "Claimant" as:

"an individual or entity having a direct contract with the Principal to furnish labor, materials or equipment for use in the performance of the Subcontract or any individual or entity having valid lien rights which may be asserted in the jurisdiction where the Project is located."

The district court incorrectly interpreted the word "jurisdiction" to mean the jurisdiction of Kansas. The district court explained that the "work and materials were supplied in Kansas and the parties were subject to Kansas law. That Federal law stops the effect of the remedy under Kansas law does not extinguish the jurisdiction nor [*sic*] the fact that [Dun-Par] meets the requirements under State law to have filed a lien."

However, a review of the plain wording in the bond reveals that the word jurisdiction is clearly modified by "where the Project is located." According to the bond's description of the project, Project No. 0880019 was located at 2310 Trooper Drive, Fort Riley, Kansas. The address places the project within the Fort Riley Military Reservation. Under K.S.A. 27-102 and K.S.A. 27-105, the State of Kansas gave the federal government exclusive jurisdiction over the Fort Riley Military Reservation, only reserving for itself the right to serve process within the Fort's boundaries. Therefore,

federal law dictates whether Dun-Par qualifies as an "entity having valid lien rights which may be asserted" in the federal enclave of Fort Riley.

While mechanic's lien rights provide protection from nonpayment for contractors and subcontractors who work on private property, federal law does not provide lien rights for contractors and subcontractors who work on federal land or buildings. Instead, to protect subcontractors, Congress enacted the Miller Act. This Act mandates that when awarding a federal contract for the "construction, alteration, or repair of any public building or public work of the Federal Government," a contractor must furnish a bond to the federal government in order to ensure payment "of all persons supplying labor and material in carrying out the work provided for in the contract." 40 U.S.C. § 3131(b)(2) (2006).

In this case, the language in the bond is clear and unambiguous. The second definition of a claimant requires that Dun-Par must have lien rights that may be asserted under federal law. Since there are no federal lien rights for Dun-Par to assert, Dun-Par does not qualify as a claimant. Since Dun-Par is not a claimant, the district court erred in granting Dun-Par summary judgment.

Because the clear and unambiguous contract language in the bond resolves the issue of whether the district court properly granted Dun-Par summary judgment, there is no reason for us to consider Dun-Par's arguments regarding the purpose of the bond or any public policy supporting Dun-Par's claims. Any other allegations of error are also moot.

Accordingly, the district court's granting of summary judgment for Dun-Par is reversed, and the case is remanded to the district court with directions to enter summary judgment in favor of Hanover.